## GIBSON and Wife *v.* MEMPHIS & C. R. Co.

*(Circuit Court, W. D. Tennessee.* July 21, 1887.)

COSTS — RECOVERY OF LESS THAN FIVE HUNDRED DOLLARS — REV. ST. U. S. § 968.

> The rule of Revised Statutes, § 968, that the prevailing party shall not be allowed costs when the recovery is less than $500, is imperative, and the court has no discretion to allow costs in any case whatever, where the judgment is less than the sum limited. But it will not adjudge costs against the prevailing party if there be a reasonable expectation of recovering more than that sum.

The plaintiffs brought this action originally in this court, for damages in the alleged sum of $4,950, for the unlawful expulsion from defendant's cars of the plaintiff Mrs. Gibson and her two children, as passengers. The case was tried by jury, resulting in a verdict for the plaintiffs for $100, whereupon plaintiffs moved the court for judgment upon the verdict, and for costs. The motion for costs was resisted by the defendant on the ground that the court had no jurisdiction to award costs upon a verdict of less than $500, in a case like this; citing section 968 of the Revised Statutes, which provides that "when, in a circuit court, a plaintiff, in an action at law originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value, or a libelant, upon his own appeal, recovers less than the sum or value of three hundred dollars, exclusive of costs, he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs." The defendant also entered its motion, under this section of the statute, upon the facts of the case for a judgment against the plaintiffs for costs. The two motions were heard and argued together.

*Young & Martin,* for plaintiffs.

*Poston & Poston,* for defendant.

HAMMOND, J. The statute does not leave the court any discretion in disallowing the plaintiffs' costs in this case. The authorities cited are not applicable, and need not be considered in this connection. At common law each party paid his own expenses of litigation, and costs were not known. The court had no discretion about it, to allow them or disallow them. The statute of Gloucester first enacted that the prevailing party should recover his expenses as costs from his adversary, and, as a matter of law, judgment for the costs followed a judgment in his favor. But this act of congress changes that rule, and says that, where the recovery is less than $500, no costs shall be allowed, and, in effect, restores the common law in such cases. Some statutes enacted for the same purpose as this—to prevent frauds upon the jurisdiction of the court —do give the court a discretion to allow or disallow the prevailing party

his costs, and each case then depends upon its own circumstances; and the rule of judgment would be to allow costs where the party had a fair or reasonable expectation of recovering more than the limited amount, and to disallow them where it was plainly to be seen that there was no reasonable expectation.

But this section is imperative, and only confers a discretion to go further than the statute goes, by permitting the court, in flagrant cases, to impose an additional penalty for the fraudulent trespass on its jurisdiction by condemning the prevailing party to pay his adversary's costs. So imperative is this statute that even that discretion as to costs which always did belong to a court of equity, but not to a court of law, is taken away in the class of cases denounced by this section.

The argument that the statute only forbids the operation of the rule allowing costs to a prevailing party as a matter of course, and only prevents a taxation, by the clerk in the ordinary course of business, but does not interfere with the power of the court to allow the costs, presupposes the existence of power in the courts to allow costs, which is erroneous. Costs are entirely the creature of statute, in cases at law, at least, and courts cannot grant them inherently. The argument might have some plausibility in an equity court and proceeding, but not in one of law, and the restriction of this statute upon even the powers of a court of equity in that regard is only an indication of its mandatory and rigid rule of exclusion.

The plaintiffs' motion to be allowed costs is overruled. So, also, is the defendant's motion to compel them to pay its costs. The nature of the cause is quite conclusive of her fair and reasonable expectation of recovering more than the limit of the statute. So ordered.